**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

TERRELL K. BROWN,

Plaintiff,

v.

LONKAR, LAKE COUNTY JAIL, GREENEE, and JOHN DOE,

Defendants.

CAUSE NO. 2:26-CV-51-TLS-AZ

**OPINION AND ORDER**

Terrell K. Brown, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Brown is currently incarcerated at the Tippecanoe County Jail. ECF 7. He complains about events that happened at the Lake County Jail in July of 2025, when he was approached by Officer Greenee and Officer Lonkar. He says Officer Lonkar was "very aggressive[]" and intended to intimidate him by "verbally threatening with physical harm, with taser out and pointing directly at me." ECF 1 at 2. Brown immediately complied, dropped to his knees, and laid down on his stomach. Officer Greenee (or Officer John Doe) just "stood there watching" as Officer Lonkar put his knee in Brown's back, handcuffed him, slammed his head and face into the concrete floor "for no reason and unprovoked." *Id*. Brown received a golf-ball-sized knot on

his head, and he has experienced migraines, loss of vision, and confusion as a result. He refused medical attention at the time of the incident, but he eventually went to medical and received Tylenol for his pain. Brown has sued Officer Lonkar, Officer Greene/Officer John Doe, and the Lake County Jail for monetary damages and to have the officers trained in the use of force.

A pretrial detainee states a Fourteenth Amendment excessive force claim by alleging: (1) the defendant "intended to commit the physical act that caused the alleged injury" and (2) the use of force was objectively unreasonable. *Pittman v. Madison Cnty.*, 108 F.4th 561, 570 (7th Cir. 2024) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 395–97 (2015)). As to the first prong, negligent acts cannot lead to liability. *Id.*; *see also Miranda v. County of Lake*, 900 F.3d 335, 353 (7th Cir. 2018) (explaining "negligent conduct does not offend the Due Process Clause[,]" and allegations of negligence, even gross negligence, do not suffice). With regard to the second prong, "[a] jail official's response . . . is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (quoting *Kingsley*, 576 U.S. at 398). In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Such factors include the relationship between the need for force and the amount of force used, the extent of any injuries the plaintiff suffered, and the severity of the security problem. *Kingsley*, 576 U.S. at 397. "[N]ot every use of force is a punishment: 'Once the Government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention.'" *Husnik v. Engles*, 495 F. App'x 719, 721 (7th Cir. 2012) (quoting *Bell v. Wolfish*, 441 U.S. 520, 537 (1979)).

Here, Brown says he was complying with directions when Officer Lonkar slammed his head and face into the concrete for no reason causing serious injury. Although later fact-finding may reveal the actions were reasonable based on the particular circumstances that unfolded, giving Brown the benefit of the inferences to which he is entitled at this stage and accepting his allegations as true, he has stated a plausible excessive force claim against Officer Lonkar.

In addition, Brown alleges "Ofc Greenee (John Doe)" (ECF 1 at 3) stood by and watched while Officer Lonkar battered him.[1] "[P]olice officers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's rights through the use of excessive force but fail to do so [may be] held liable." *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000). Although further factual development may show Officer Greenee didn't have a realistic opportunity to prevent Officer Lonkar's actions, the court will give Brown the benefit all inferences to which he is entitled at this stage and allow him to proceed past the pleading stage on a claim against Officer Greenee for failure to intervene.

Finally, Brown cannot proceed against the Lake County Jail because it is a building rather than a suable entity, so this defendant will be dismissed. *See Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

For these reasons, the court:

(1) GRANTS Terrell K. Brown leave to proceed against Officer Lonkar in his individual capacity for compensatory and punitive damages for subjecting him to one incident of excessive force in July of 2025 at the Lake County Jail in violation of the Fourteenth Amendment;

[1] It is unclear why Brown named John Doe as a separate defendant in the caption, as the body of the complaint appears to indicate Defendant Greenee and John Doe are the same person. Accordingly, John Doe will be dismissed.

(2) GRANTS Terrell K. Brown leave to proceed against Officer Greenee in his individual capacity for compensatory and punitive damages for failing to intervene in the alleged use of excessive force by Officer Lonkar in July of 2025 at the Lake County Jail in violation of the Fourteenth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES the Lake County Jail and John Doe;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Lonkar and Officer Greenee at Lake County Jail, with a copy of this order and the complaint (ECF 1);

(6) ORDERS Lake County Jail to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Lonkar and Officer Greenee to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 13, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT